UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILFREDO VARGAS-LOPEZ, aka TAURINO A. GUZMAN-TRINIDAD,<br><br>Defendant. | NO. CR-04-2180-RHW<br>CV-05-3082-RHW<br><br>**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255** |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Ct. Rec. 32). In his motion, Defendant contends that his conviction was obtained by violation of the privilege against self-incrimination.

### BACKGROUND

Defendant was charged with and plead guilty to being an Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326. On April 19, 2004, the Court sentenced Defendant to a thirty-three (33) month term of imprisonment; a 3 year term of supervised release; and $100 special penalty assessment.

### DISCUSSION

A federal prisoner, under 28 U.S.C. § 2255, may move the court to vacate, set aside, or correct a sentence on the grounds that (1) the sentence imposed was in violation of the Constitution or laws of the United States; (2) the court lacked

jurisdiction to impose such a sentence; or (3) that the sentence exceeded the maximum authorized by law.  Unless the motion, files, and records conclusively show the prisoner is not entitled to relief, the court shall cause notice to be served upon the United States Attorney, grant a prompt hearing, determine the issues, and make findings of fact and conclusion of law.  28 U.S.C. § 2255.  If it is plainly apparent that the petitioner is not entitled to relief, however, pursuant to Rule 4(b), Rules Governing Proceedings in the United States District Courts, the court may voluntarily, *sua sponte*, dismiss the motion.

Defendant argues that his conviction was obtained in violation of the privilege against self-incrimination.  Although Defendant provided the Court with supporting facts to support his claim, these facts do not address Defendant's claim of violation of the privilege against self-incrimination.  The facts merely assert the factual basis for his illegal re-entry conviction.  As such, Defendant's petition fails to establish that he is entitled to relief.

Accordingly**, IT IS HEREBY ORDERED:**

1.	Defendant's Motion to Vacate, Set Aside, or Correct Sentence Sentence Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 32) is **DISMISSED.**

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this order, provide copies to Defendant and the Federal Defender's Office, and close the file.

**DATED** this 23rd day of January, 2005.


s/ Robert H. Whaley

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2004\Guzman\2255.ord.wpd

**ORDER DISMISSING MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, 28 U.S.C. § 2255** ~ 2